**In re Petition for DISCIPLINARY ACTION AGAINST Bruce E. ERICKSON, an Attorney at Law of the State of Minnesota.**

No. C6–89–1911.

Supreme Court of Minnesota.

Nov. 16, 1989.

## ORDER

The Director of the Office of Lawyers Professional Responsibility filed a petition alleging that the Respondent Bruce E. Erickson had engaged in professional misconduct which warranted the imposition of professional discipline. All of the allegations of the petition are lengthy and stated in detail and may be summarized as involving primarily two general claims. The first relates to the Respondent's representation of a client who had retained him to represent her in an alleged employment wrongful discharge case. Alleged in the petition is that during the course of the settlement of that case, Respondent failed to truthfully keep his client advised, failed to follow his client's directions with respect to settlement, failed to exercise professional responsibility in timely answering interrogatories, and failed to properly represent the client before the court. The court had granted Respondent an additional two months to conduct discovery so as to indicate to the court whether or not there was a judicial controversy for resolution by the court system. Notwithstanding that court order, the Respondent took no further action in the case, failed to communicate with his client, and misrepresented to the client that he had "thoroughly researched the allegations made in the complaint and found very little support for the allegations" and therefore he believed it was in the client's best interest to dismiss the complaint. The significance of that representation was that it was simply untrue in that he had not researched the allegations of the complaint, and, in addition, it misled the client with respect to the status of the case. For bringing a suit lacking merit without making proper investigation, the trial judge in the case assessed against the attorney, not the client, $350 attorney fees by an order which unequivocally directed that the sum should be paid by the Respondent and not his client. Notwithstanding that order and direction, the Respondent not only accounted for the retainer his client had previously paid to him, but sought reimbursement from the client for that assessment of $350.

The second count of the petition documented trust account improprieties. Respondent failed to maintain trust account journals and ledgers, perform voluntary conciliations, or annotate individual checks and deposit slips as required by Rule 1.15, Minnesota Rules of Professional Conduct and Amended Opinion No. 9, Lawyers Professional Responsibility Board. Numerous other irregularities with respect to the trust account were alleged including withdrawing funds as fees before retainers were earned.

After the filing of the petition, the Respondent entered into a stipulation for dis-

cipline with the Director. In the stipulation the Respondent waived all of his procedural rights to hearings as provided in Rule 10(a), Rule 9 and Rule 14 of the Rules on Lawyers Professional Responsibility. In the stipulation he also waived his right to interpose an answer and unconditionally admitted all of the allegations of the petition. He joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility is a supervised public probation for a period of two years. The Respondent has been admitted to practice for a relatively short time and in late summer 1989 was diagnosed by a chemical dependency counselor as an alcohol abuser.

The court having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties NOW ORDERS:

That the Respondent is hereby publicly reprimanded and placed upon probation for a period of two years upon the following terms and conditions:

(a) Within 15 days from the date of this order, Respondent shall nominate an attorney acceptable to the Director to monitor Respondent's compliance with the terms of the probation. Failure to nominate a supervisor acceptable to the Director may give the Director, at his option, the right to appoint any licensed Minnesota lawyer acceptable to the Director to act as supervisor. Any supervisor so appointed shall file written reports with the Director at least quarterly or at such other or more frequent intervals as may reasonably be requested by the Director. The Respondent shall cooperate fully with the supervisor and with the Director's office in an effort to monitor compliance with the conditions of probation and in any investigation of further unprofessional conduct which may arise. The supervising attorney shall periodically review Respondent's books, records, ledgers, and accounts pertaining to Respondent's office and trust accounts to ensure compliance with Rule 1.15, Minnesota Rules of Professional Conduct, shall periodically review Respondent's financial obligations and assist Respondent in an orderly arrangement for payment of obligations, and shall keep apprised of whether Respondent is continuing to abstain from the use of intoxicants and is current in his workload.

(b) Respondent shall maintain total abstinence from alcohol or any other mood altering chemicals except the use of prescription drugs prescribed in accordance with directions of the prescribing physician who is fully advised of Respondent's chemical dependency before issuing a prescription. During the full course of this probation, the Respondent shall regularly attend meetings of Alcoholics Anonymous or another out-patient treatment program which has first been found acceptable to the Director.

(c) Within 90 days from the date of this order, the Respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.